UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Federal National Mortgage Association ("Fannie Mae")** | CIVIL ACTION NO: |
| **Plaintiff** | COMPLAINT |
| vs. | |
| **Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham** | RE:<br>1720 Mason Bay Road, Jonesport, ME 04649 |
| **Defendant**<br>**The Bank of New York Mellon, f/k/a The Bank of New York, as successor to JPMorgan Chase Bank N.A. as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-4SL, Asset-Backed Securities, Series 2006-4SL**<br>**Trudy Alley**<br>**Valerie Faulkingham**<br>**Parties-In-Interest** | Mortgage:<br>October 25, 2005<br>Book 3073, Page 59 |

NOW COMES the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Federal National Mortgage Association ("Fannie Mae"), in which the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is the obligor and the total amount owed under the terms of the Note is One Hundred Twenty-Five Thousand Nine Hundred Forty-Nine and 18/100 ($125,949.18) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Federal National Mortgage Association ("Fannie Mae") is a corporation with its principal place of business located at 14221 Dallas Parkway, Dallas, TX 75254.

5. The Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is a resident of Jonesport, County of Washington and State of Maine, and is not personally liable for this debt.

6. The Party-in-Interest, The Bank of New York Mellon, f/k/a The Bank of New York, as successor to JPMorgan Chase Bank N.A. as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-4SL, Asset-Backed Securities, Series 2006-4SL is located at 1901 E. Voorhees Street, Suite C, Danville, IL 61834.

7. The Party-in-Interest, Trudy Alley, is a resident of Jonesport, County of Washington and State of Maine, and is not personally liable for this debt.

8. The Party-in-Interest, Valerie Faulkingham, is a resident of Addison, County of Washington and State of Maine, and is not personally liable for this debt.

## FACTS

9. On October 25, 2005, by virtue of a Warranty Deed from Roland and Nancy Vertefeuille, which is recorded in the Washington County Registry of Deeds in **Book 3073, Page 57**, the property situated at 1720 Mason Bay Road, County of Washington, and State of Maine, was conveyed to, Grover Faulkingham, and has been conveyed through his estate and the estate of Ruth M. Faulkingham to the Defendant Earl J. Faulkingham, as Personal Representative and Heir to the Estate of Ruth M. Faulkingham and the Parties-in-Interest Trudy Alley and Valerie Faulkingham being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

10. On October 25, 2005, the Defendant, Grover Faulkingham Sr., executed and delivered to Nation One Mortgage Company, Inc. a certain Note in the amount of $111,900.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

11. To secure said Note, on October 25, 2005, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Nation One Mortgage Company, Inc., securing the property located at 1720 Mason Bay Road, Jonesport, ME 04649 which Mortgage Deed is recorded in the Washington County Registry of Deeds in **Book 3073**, **Page 59**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. On January 17, 2007 Grover Faulkingham, Sr. passed away leaving his estate to Ruth M. Faulkingham and potentially the Parties-in-Interest.

13. The Mortgage was then assigned to OCWEN Loan Servicing, LLC by virtue of an Assignment of Mortgage dated September 28, 2015 and recorded in the Washington County Registry of Deeds in **Book 4201**, **Page 236**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated March 1, 2016 and recorded in the Washington County Registry of Deeds in **Book 4236**, **Page 162**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. On April 7, 2016 Ruth M. Faulkingham passed away leaving her estate to Earl J. Faulkingham.

16. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated June 16, 2016 and recorded in the Washington County Registry of Deeds in **Book 4265**, **Page 144**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

17. The Mortgage was further assigned to Federal National Mortgage Association ("Fannie Mae") by virtue of a Quitclaim Assignment dated August 9, 2018 and recorded in the Washington County Registry of Deeds in **Book 4497**, **Page 76**.  *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

18. On September 26, 2016, Grover Faulkingham Sr. allegedly, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $99,194.10 (herein after referred to as the "Loan Modification").  *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

19. On March 12, 2019, the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit I (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

20. On September 20, 2018, the Parties-in-Interest, Trudy Alley and Valerie Faulkingham, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

21. The Demand Letter informed the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit I.

22. The Demand Letters informed the Parties-in-Interest, Trudy Alley and Valerie Faulkingham, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letters. *See* Exhibit J.

23. The Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham and the Parties-in-Interest Trudy Alley and Valerie Faulkingham, failed to cure the default prior to the expiration of the Demand Letter.

24. None of the Defendants or Parties-in-Interest have any personal liability in this matter and any recovery shall be limited to an *in rem* recovery against the subject property.

25. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of

value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

26. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the lawful holder and owner of the Note and Mortgage, however, its recovery is limited to an *in rem* recovery against the subject property.

27. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

28. Mortgage Electronic Registration Systems, Inc. as nominee for Nation One Mortgage Company, Inc. was an original mortgagee pursuant to a Mortgage in the amount of $47,950.00 dated October 25, 2005, and recorded in the Washington County Registry of Deeds in **Book 3073**, **Page 77**.

29. The Junior Lien was assigned to The Bank of New York Mellon, f/k/a The Bank of New York, as successor to JPMorgan Chase Bank N.A. as Indenture Trustee, on behalf of the holders of the Terwin Mortgage Trust 2006-4SL, Asset-Backed Securities, Series 2006-4SL by virtue of a Junior Assignment dated January 8, 2018 and recorded in the Washington County Registry of Deeds in **Book 4431**, **Page 44** and is in 2nd position behind Plaintiff's Mortgage.

30. The total debt owed under the Note and Mortgage as of April 30, 2019 is One Hundred Twenty-Five Thousand Nine Hundred Forty-Nine and 18/100 ($125,949.18) Dollars, which includes:

| Description | Amount |
|---|---:|
| Principal Balance | $98,014.76 |
| Interest | $15,266.08 |
| Late Fees | $293.76 |
| Escrow Advance | $8,480.46 |
| Deferred Late Charges | $163.20 |
| Corporate Advance | $3,730.92 |
| Grand Total | $125,949.18 |

31. Upon information and belief, the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

32. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

33. This is an action for foreclosure respecting a real estate related Mortgage and title located at 1720 Mason Bay Road, Jonesport, County of Washington, and State of Maine. *See* Exhibit A.

34. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Federal National Mortgage Association ("Fannie Mae"), has the right to foreclosure upon the subject property.

35. The Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is the current owner and investor of the aforesaid Mortgage and Note.

36. The Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2017, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note, but has no personal liability for said breach.

37. The total debt owed under the Note and Mortgage as of April 30, 2019 is One Hundred Twenty-Five Thousand Nine Hundred Forty-Nine and 18/100 ($125,949.18) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $98,014.76 |
| Interest | $15,266.08 |
| Late Fees | $293.76 |
| Escrow Advance | $8,480.46 |
| Deferred Late Charges | $163.20 |
| Corporate Advance | $3,730.92 |
| Grand Total | $125,949.18 |

38. The record established through the Washington County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

39. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

40. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, on March 12, 2019, evidenced by the Certificate of Mailing. *See* Exhibit I.

## COUNT II – EQUITABLE MORTGAGE

41. The Plaintiff, Federal National Mortgage Association, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

42. The intent of the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, and original lender, Nation One Mortgage Company, Inc., on October 25, 2005, was to create a mortgage on the property, commonly known as and numbered as 1720 Mason Bay Road, Jonesport, ME 04649.

43. This intent is shown by the execution of a Promissory Note dated October 25, 2005 to Nation One Mortgage Company, Inc. in the amount of $111,900.00.

44. The value given at the time of the transaction was $111,900.00 which was significantly below the property's value at that time, clearly indicating that it was the intent of the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, and Nation One Mortgage Company, Inc. on the date of the transaction, October 25, 2005, that a mortgage be granted on the subject property.

45. The aforesaid Promissory Note, specifically references 1720 Mason Bay Road, Jonesport, ME 04649, as the "Property Address".

46. In addition to the aforesaid Promissory Note, Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, also executed a Mortgage on October 25, 2005 which particularly referenced exactly the same property address of 1720

Mason Bay Road, Jonesport, ME 04649 which was referenced on the aforesaid Promissory Note.

47. The aforesaid Mortgage is arguably unenforceable under current Maine Law pursuant to the *Greenleaf* decision, et al. *See*, *Bank of America, N.A. v. Greenleaf,* 2014 ME 89, 96A.3d 700 (Me. 2014); *Federal National Mortgage Association v. Deschaine*, 2017 Me. 190, 170 A.3d 230 (Me. 2017); *Pushard v. Bank of America, N.A.,* 175 A.3d 103, 2017 ME 230 (Me. 2017).

48. This defect is not related to the original execution of the documents, nor the intent of the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, and Nation One Mortgage Company, Inc., but is due to the chain of title for the aforesaid mortgage under *Greenleaf* and 33 M.R.S. § 508.

49. The issue of an equitable mortgage (or other equitable remedies) is not addressed by *Greenleaf*, or its' progeny; *See Deschaine, Fn. 2, Fn 4; Pushard Fn 14*.

50. It was the intent of the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, and Nation One Mortgage Company, Inc. at the time of the transaction, as to the Note, that is controlling as to the Court's interpretation of the imposition of an equitable mortgage.

51. The Plaintiff, Federal National Mortgage Association, is the owner and holder of the subject Promissory Note.

52. The Plaintiff, Federal National Mortgage Association, is owner of the equitable interest in the aforesaid mortgage but may arguably not be the record owner of said mortgage under the *Greenleaf* decision.

53. Equity requires that "what ought to have been done has been done." *See, Smith v. Diplock,* 127 Me. 452, 144 A.383, 386 (Me. 1929).

54. When it is the intent of the parties, at the time of the transaction, that there be a mortgage "[t]he real intent governs". *See, Stinchfield v. Milliken,* 71 Me. 567, 570 (1880).

55. The agreement, as memorialized in the various documents referenced herein constitutes an equitable mortgage.

56. For justice to be served, and under the facts and circumstances of this matter, the Court should, and must, impose an equitable mortgage upon the property.

57. The Court's imposition of an equitable mortgage should be under, and pursuant to the statutory terms of applicable Maine Law, including, but not limited to, the rights of redemption, etc. *See, Seaman v. Seaman,* 477 A.2d 734 (Me. 1984).

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), upon the expiration of the period of redemption;

c) Find that the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is in breach of the Note by failing to make payment due as of June 1, 2017, and all subsequent payments, but has no personal liability;

d) Find that the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, is in breach of the Mortgage by failing to make payment due as of June 1, 2017, and all subsequent payments, but has no personal liability;

e) Find that the Plaintiff, Federal National Mortgage Association ("Fannie Mae"), is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Find that it would be inequitable for the Defendant, Earl J. Faulkingham, Personal Representative and Heir to the estate of Ruth M. Faulkingham, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

g) Impose an equitable mortgage upon the property commonly known and numbered as 1720 Mason Bay Road, Jonesport, ME 04649 for the benefit of the Plaintiff who currently owns the Note and as manifested by the intent of the parties when the transaction was initially consummated;

h) Impose the applicable time periods for redemption, etc. as reflected in 14 M.R.S.A. §6322;

i) Find that while the Defendant, Earl J. Faulkingham, as Personal Representative and Heir to the Estate of Ruth M. Faulkingham, not individually, has no personal liability in this matter, a Judgment in this matter can be imposed *in rem* against the property commonly known as and numbered as 1720 Mason Bay Road, Jonesport, ME 04649.

j) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

k) For such other and further relief as this Honorable Court deems just and equitable.

                                          Respectfully Submitted,
                                          Federal National Mortgage Association
                                          ("Fannie Mae"),
                                          By its attorneys,

Dated:  June 5, 2019

                                          <u>/s/ John A. Doonan, Esq.</u>
                                          <u>/s/ Reneau J. Longoria, Esq.</u>
                                          John A. Doonan, Esq., Bar No. 3250
                                          Reneau J. Longoria, Esq., Bar No. 5746
                                          Attorneys for Plaintiff
                                          Doonan, Graves & Longoria, LLC
                                          100 Cummings Center, Suite 225D
                                          Beverly, MA 01915
                                          (978) 921-2670
                                          JAD@dgandl.com
                                          RJL@dgandl.com